UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kuepers Construction, Inc.,                              Case No.:

        Plaintiff,

**NOTICE OF REMOVAL**

vs.

**(Jury Trial Demanded)**

State Auto Insurance Company, and
Interlachen Propertyowners Association, Inc.,

        Defendants.

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

As allowed by 28 U.S.C. §§1441 and 1446, State Auto Insurance Company ("State Auto") does hereby remove this action to the United States District Court, District of Minnesota. In support of removal, State Auto states:

1.     Plaintiff provided State Auto with a Summons and Complaint (Exhibit A), Affidavit of Service and of Compliance (Exhibit B), and Civil Cover Sheet (Exhibit C) on or about January 20, 2015. The Complaint was filed in Crow Wing County District Court and assigned Court File No. 18-CV-15-228. State Auto has yet to serve its Answer in response to the Complaint.

2.     State Auto files this Notice of Removal within thirty (30) days of the date it was provided with a copy of the Complaint; and therefore timely removes this case. 28 U.S.C. §1446(b).

3.     The United States District Court for the District of Minnesota is the federal district court for the district embracing the place where the state court suit is pending. 28 U.S.C. §1441(a).

4.      28 U.S.C. §1332 vests this court with original jurisdiction over this civil action because the citizenship between Plaintiff and State Auto is completely diverse; the other individual Defendant, Interlachen Propertyowners Association, Inc., has been fraudulently joined in an attempt to defeat federal diversity jurisdiction; and the requisite amount is in controversy.

5.      Plaintiff is registered as a corporation with the State of Minnesota.  State Auto is a citizen of Ohio with its principal office located in Columbus, Ohio.  Plaintiff and State Auto's citizenships are therefore completely diverse.

6.      Diversity jurisdiction and the right of 28 U.S.C. §1441 removal protects non-resident litigants from local prejudice associated with litigating in state court.  Joinder of non-diverse defendants "designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *In Re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

7.      Fraudulent joinder occurs "where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant." *Schwenn v. Sears, Roebuck & Co.*, 822 F.Supp. 1453, 1455 (D. Minn. 1993).

8.      The Complaint of Plaintiff asserts no specific claims or causes of action against Interlachen Propertyowners Association, Inc.   Although Count I "Declaratory Judgment" references all defendants, none of the averments even refers to Interlachen Propertyowners Association, Inc. Every request under the prayer for relief is directed only to State Auto.   There is no cognizable cause of action pled against Interlachen Propertyowners Association, Inc.

9.      In an effort to avoid diversity jurisdiction, Hammargren & Meyer, P.A. has sued its own client, Interlachen Propertyowners, Association.  The claims of Kuepers Construction, Inc. brought in this lawsuit are redundant to those it has already made in *Interlachen Properties, LLC vs. State Auto Insurance Company, Kuepers Construction, Inc., and Interlachen Propertyowners Association, Inc.* 14-CV-4380-JRT-LIB.  The Order of Magistrate Leo I. Brisbois realigning Interlachen Propertyowners Association, Inc. as a party plaintiff in that case was filed on January 8, 2015.  In his Order, Magistrate Judge Brisbois noted counsel for Kuepers Construction, Inc. and Interlachen Propertyowners Association conceded there was no adversity between those parties.  Hammargren & Meyer, P.A., on behalf of its clients, have filed an Objection to the ruling of Magistrate Judge Brisbois.

10.     In a related declaratory judgment action *James River Insurance Company v. Kuepers Construction, Inc. and Interlachen Propertyowners Association, Inc.*, 14-cv-03434, Hammargren & Meyer, P.A. has appeared as counsel for both Kuepers Construction, Inc. and Interlachen Propertyowners Association, Inc. the Defendant it has sued here.[1]  The representation of the Plaintiff Defendants Kuepers Construction, Inc. and Interlachen Propertyowners Association, Inc. by the same law firm shows that the joinder is fraudulent.

---

[1] *James River* is a related case to this one in that it also arises out of a coverage dispute emanating from same construction defect litigation that underlies this suit. Many of the issues are the same. Three separate Miller-Shugart Agreements have been effectuated by Interlachen Propertyowners Association, Inc. pursuant to which Judgments were entered in the total amount of approximately seven million dollars. (Miller-Shugart 7/28/14; Miller-Shugart 8/28/14; and Miller-Shugart 8/28/14).  The first two of the Miller-Shugart Agreements provide that the Judgment entered may be collected only from State Auto and eliminate liability for Kuepers Construction, Inc. and Interlachen Properties LLC respectively.  The final Miller-Shugart Agreement provides that the Judgment entered may only be collected from James River Insurance Company. Hammargren & Meyer, P.A. represented Interlachen Propertyowners Association, Inc. in the underlying litigation and in negotiating the Miller-Shugart agreements.

11.     Plaintiff has provided "no reasonable basis in fact or colorable ground" supporting or even evidencing claims against Interlachen Propertyowners Association, Inc. The Complaint's complete lack of factual allegations against either of those entities makes Plaintiff's intention of not prosecuting this action against those entities apparent. Plaintiff unquestionably sued Interlachen Propertyowners Association, Inc. for the sole purpose of defeating diversity jurisdiction. But because the joinder of Interlachen Propertyowners Association was fraudulent, complete diversity prevails. Accordingly, it would be appropriate to re-align Interlachen Propertyowners Association, Inc. as additional Plaintiff as the court is allowed to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of New York,* 314 U.S. 63, 69 (1941).

12.     The nature of the claims for which redress is sought insures that the amount in controversy exceeds $75,000, exclusive of fees and costs. The Complaint indicates in paragraph 4 that Interlachen LLC requests that State Auto satisfy "a judgment against Interlachen LLC in the amount of Two Million Fifty-Nine Thousand One Hundred Twenty-Five and 00/100 ($2,940,875.00) entered by the Crow Wing County District Court on August 11, 2014."

13.     State Auto is entitled to remove this action to the United States District Court, District of Minnesota, under 28 U.S.C. §1441.

14.     State Auto reserves the right to amend or supplement this Notice of Removal.

15.     In accordance with 28 U.S.C. §1446(d), State Auto serves this Notice of Removal upon Plaintiff and Defendant Interlachen Propertyowners Association, Inc. and will file a copy of the Notice with the Clerk/Court Administrator of the Crow Wing County District Court.

WHEREFORE, State Auto Insurance Company removes the above-entitled action from the District Court, County of Crow Wing, State of Minnesota, to the United States District Court for the District of Minnesota.

Dated this 5th day of February, 2015

<div style="margin-left: 45%;">

**McCOLLUM, CROWLEY, MOSCHET MILLER & LAAK, LTD.**

Robert L. McCollum (ID #69802)
Attorneys for State Auto Ins. Co.
700 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, MN 55431
(952) 831-4980

</div>